# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| **ANGELA VANALLEN,** | ) Civil No. 3:20-cv-00011-MOC-DCK |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) **SECOND AMENDED COMPLAINT AND** |
| **BLUE HAZE ENTERTAINMENT** | ) **DEMAND FOR JURY TRIAL** |
| **LIMITED, FOXTON LEWYN, and** | ) |
| **ANDREW STRAIN,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff, Angela VanAllen ("VanAllen" or "Plaintiff"), by and through counsel, brings this action for (1) violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and (2) violations of the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§95-25.1 *et. seq.*, against Blue Haze Entertainment Limited, ("BHE"), Foxton Lewyn ("Lewyn"), and Andrew Strain ("Strain") (collectively "Defendants").

## NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff brings her FLSA claims pursuant to 29 U.S.C. § 216(b) and seeks to recover unpaid overtime compensation and statutory penalties during the three-year period preceding the filing of the original Complaint.

2. Plaintiff's FLSA claims result from Defendants' policy and practice of failing to pay Plaintiff an overtime premium rate of pay for all hours worked in excess of forty in a workweek.

3. Plaintiff's FLSA claim also results from Defendants' unlawful retaliation. Specifically, Defendants terminated Plaintiff's employment because Plaintiff complained that she

was incorrectly categorized as an exempt employee and had not been paid overtime wages to which she is entitled to.

4. Defendants failed to pay all wages earned by Plaintiff pursuant to the NCWHA. Specifically, BHE violated N.C. Gen. Stat. §§ 95-25.6 and 95-25.7 by failing to pay Plaintiff all earned wages due on her regular paydays and due on the next regular payday following the termination of Plaintiff's employment.

## THE PARTIES

5. Plaintiff is an adult individual who is a resident of Huntersville, North Carolina.

6. Plaintiff is a former employee of Defendants.

7. BHE is a domestic business corporation registered and in good standing in North Carolina, with its Principal Office located at 2719 Westport Road, Charlotte, North Carolina 28208.

8. Strain a shareholder of BHE and holds the position of President. In this capacity, Strain is involved in the day-to-day business operations of BHE. Strain has the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour issues, including the decision to not pay Plaintiff an overtime premium for all hours worked in excess of forty in a workweek. At all relevant times, Strain acted and had responsibility to act on behalf of, and in the interests of BHE in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the overtime issues raised in this lawsuit. At all relevant times, Strain was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

9. Lewyn is a shareholder of BHE and holds the position of Vice President. In this capacity, Lewyn is involved in the day-to-day business operations of BHE. Lewyn has the

authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour issues, including the decision to not pay Plaintiff an overtime premium for all hours worked in excess of forty in a workweek. At all relevant times, Lewyn acted and had responsibility to act on behalf of, and in the interests of BHE in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the overtime issues raised in this lawsuit. At all relevant times, Lewyn was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

10. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 *et. seq.*

11. This Court has personal jurisdiction because Defendants conduct business in Charlotte, North Carolina, which is located within this judicial district.

12. Venue is proper in this judicial district because Defendants has substantial business contacts in this district and because the unlawful acts alleged herein occurred in Charlotte, North Carolina.

13. The claims for the violation of the NCWHA are based on the statutory law of the State of North Carolina. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of operative facts as the FLSA claim.

14. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

## COVERAGE ALLEGATIONS

15. At all times hereinafter mentioned, Defendants have been employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

17. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

18. At all times hereinafter mentioned, Plaintiff was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

19. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

20. At all times hereinafter mentioned, Defendants have been employers within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. § 95-25.2(5).

21. At all times hereinafter mentioned, Plaintiff was an employee within the meaning of § 95-25.2(4) of the NCWHA, N.C. Gen. Stat. § 95-25.2(4).

## PLAINTIFF'S FACTUAL ALLEGATIONS

### Unpaid Overtime

22. BHE is full-service lighting design sales and production company.

23. At all relevant times, Plaintiff was a nonexempt employee within the meaning of the FLSA and eligible for overtime compensation for all work performed in excess of 40 hours in a workweek.

24. Defendants employed Plaintiff during the FLSA's statutory period preceding the filing of the original Complaint.

25. Beginning on or about June 19, 2018, Plaintiff's date of hire, Defendants began paying Plaintiff a weekly salary for thirty-five (35) hours of work each week.

26. Plaintiff held the position of Amazon Sales Representative in which she answered customer emails and conducted walk-in, phone, and online sales with customers.

27. Plaintiff regularly worked in excess of her scheduled workhours during the three-year period preceding this Complaint. For example, Plaintiff worked approximately 5 unpaid regular hours and 12.5 unpaid overtime hours for the week of March 25, 2019 through March 31, 2019. This example is representative of the number of unpaid regular and overtime hours worked each workweek by Plaintiff during the period of June 19, 2018 until August 31, 2019.

28. Plaintiff estimates she worked more than 310 unpaid regular hours and 785 unpaid overtime hours during the three-year period prior to filing this lawsuit.

29. Defendants had knowledge that Plaintiff worked the unpaid overtime hours at issue in this lawsuit because Plaintiff's direct supervisor, who is located in California, three (3) hours behind the time in North Carolina, regularly required her to handle numerous customer issues after hours. Moreover, Defendants knew that Lewyn, "Lewyn", another one of Plaintiff's managers, made errors when adding out of stock/discontinued items and incorrect price and stocks levels onto their Amazon Store, which required Plaintiff to work overtime to correct the

issues in hopes of preventing Amazon from suspending Defendant's ability to sell on Amazon's website.

30. Defendants willfully failed to pay Plaintiff the overtime premium required by the FLSA.

**Unlawful Retaliation**

31. On or about August 20, 2019, Plaintiff complained to Strain, Plaintiff's manager, stating that she was incorrectly classified as an exempt employee and thereby entitled to unpaid overtime wages for all hours she worked in excess of forty each workweek since the beginning of her employment with Defendants. Following this complaint, Strain informed Plaintiff about a company-wide restructuring, which would eliminate Plaintiff's job position. Strain, however, ensured Plaintiff that she would have "a reasonable time" to find another job.

32. On or about August 26, 2019, Plaintiff reiterated her concern to Strain that she was incorrectly classified as an exempt employee. Strain simply stated that he would investigate the matter to see if she was not paid properly.

33. On or about August 27, 2019, Defendants' counsel sent Plaintiff a letter informing her to not appear for her next scheduled work shift and terminating her job position effective August 31, 2019. Instead of providing "a reasonable time" for Plaintiff to find another job, as promised, Defendants unlawfully retaliated against her for complaining about unpaid overtime wages to which she is entitled to.

34. Plaintiff engaged in protected activity by formally complaining that she was not properly paid for the hours in which she worked overtime.

35. Defendants retaliated against Plaintiff because she engaged in an activity protected by the FLSA.

36. Plaintiff suffered harm as a result of Defendants' retaliatory actions.

37. Defendants' refusal to pay Plaintiff her wages was willful.

## Count I

### (Violation of FLSA – Overtime)

38. Plaintiff incorporates by reference paragraphs 1 through 37 of her Complaint.

39. Defendants' violation of the FLSA arises from its failure to pay all overtime wages earned by Plaintiff.

40. Defendants violated the FLSA by failing to pay Plaintiff an overtime premium rate of pay for all hours worked in excess of forty in a workweek.

41. Defendants violated the FLSA by failing to comply with the timekeeping and recordkeeping provisions of the FLSA.

42. Defendants' violation of the FLSA was willful.

## Count II

### (Violation of FLSA – Retaliation)

43. Plaintiff incorporates by reference paragraphs 1 through 42 of her Complaint.

44. Defendants have violated and are violating the provisions of 29 U.S.C. §215(a)(3) by discharging Plaintiff because she complained about being incorrectly categorized as an exempt employee and not being properly paid for overtime hours in compliance with the FLSA.

45. Defendants' violation of the FLSA was willful.

## Count III

### (Violation of NCWHA)

46. Plaintiff incorporates by reference paragraphs 1 through 45 of her Complaint.

47. Plaintiff's NCWHA claims arise from Defendants' policy and practice of failing to pay earned wages in violation of N.C. Gen Stat. §§ 95-25.6 and 95-25.7.

48. Defendants failed to timely pay all wages earned by Plaintiff on her regularly scheduled paydays, including the next regular payday following the termination of Plaintiff's employment.

49. Defendants' conduct was willful.

50. Plaintiff has suffered damages as a result of Defendants' actions.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

a) An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid overtime wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b) An Order pursuant to N.C. Gen. Stat. § 95-25.22 finding Defendants liable for unpaid wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

c) An Order awarding the costs of this action;

d) An Order awarding reasonable attorneys' fees;

e) A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

f) A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by unlawfully retaliating against Plaintiff for engaging in a protected activity.

g) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

h) An Order granting such other and further relief as may be necessary and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Respectfully submitted this 14th day of September, 2020.

/s/ Jason S. Chestnut
Jason S. Chestnut, NCSB #52066
Philip J. Gibbons, Jr., NCSB #50276
Craig L. Leis, NCSB #48582
**GIBBONS LEIS, PLLC**
14045 Ballantyne Corporate Place, Ste. 325
Charlotte, NC 28277
Telephone: 704-612-0038
Email: jason@gibbonsleis.com
          phil@gibbonsleis.com
          craig@gibbonsleis.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

This is to certify that on September 14, 2020, a copy of the foregoing has been filed with the Clerk of the Court using the CM/ECF system that will send notification of this filing to all counsel of record.

/s/ Jason S. Chestnut
Jason S. Chestnut, NCSB #52066